IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **JOHNNY MACK JOHNSON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 1:14-CV-0047-WLS |
| **SGT SHEBBIE WILLIAMS, et. al.** | : | |
| | : | |
| **Defendants** | : | |

## ORDER ON MOTIONS

Plaintiff **Johnny Mack Johnson**, an inmate currently confined at Smith State Prison, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. After a preliminary review of Plaintiff's Complaint, the Court found that Plaintiff's claims were time-barred; and his Complaint was dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. Judgment was entered on May 22, 2014. Plaintiff has now made a series of filings (Docs. 16, 17, 18, 19, 20 & 21) in which he appears to move for reconsideration of the dismissal and for the appointment of counsel.

Rule 60 of the Federal Rules of Civil Procedure allows a district court to "relieve a party . . . from a final judgment [or] order" where there is "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged." Fed. R. Civ. P. 60(b). Rule 60 also includes a "catch-all" provision allowing the district court to reopen a final judgment for "any other reason justifying relief." Id. To prevail under this provision, however, a movant must "show extraordinary circumstances." See Santa v.

U.S., No. 11–14540, 2012 WL 5233564, at *2 (11th Cir. Oct. 24, 2012); Griffin v. Swim–Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result.").

The documents filed by Plaintiff fail to provide any valid basis for reconsideration. He appears to simply re-allege facts stated in his complaint and to request the appointment of counsel. Even when his allegations are liberally construed, Plaintiff still fails to identify any reason why the statute of limitations may be tolled in this case: Plaintiff knew that he was injured and who inflicted his injuries within the limitations period. To the extent Plaintiff now asserts that he is only seeking injunctive relief in the form of an order that he be released from prison, Plaintiff is advised that this is not a remedy available in a 42 U.S.C. § 1983 action. Preiser v. Rodriquez, 411 U.S. 475, 488-490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Plaintiff's request for court-appointed counsel is, at this point, moot. Even if Plaintiff had moved for counsel prior to dismissal, a *pro se* civil litigant may be appointed counsel only in those cases found to involve complex or novel legal issues. *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987). The issues raised in this case were neither complex nor novel; and the Court does not find that the appointment of counsel would have been warranted in this case.

Plaintiff's motion for reconsideration and request for the appointment of counsel are accordingly **DENIED**. All other pending motions (Docs. 19, 22, 23, 24 & 25) are also **DENIED** as frivolous and futile. If Plaintiff wishes to now pursue federal habeas corpus relief on the same grounds stated in his § 1983 complaint, he is advised to initiate a new civil action by filing a form

2

application for relief under 28 U.S.C. § 2254 along with either the required $5.00 filing fee or a motion for leave to proceed *in form pauperis*.   The Clerk of Court is directed to provide Plaintiff with a form 28 U.S.C. § 2254 application.

**SO ORDERED** this 27th   day of June, 2014.

/s/     W. Louis Sands
W. LOUIS SANDS, Judge
UNITED STATES DISTRICT COURT